# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-50496
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SAMUEL ISIDRO DE LA FUENTE,

*Defendant—Appellant*,

CONSOLIDATED WITH

_____

No. 25-50500

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SAMUEL DE LA FUENTE,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas

USDC Nos. 2:24-CR-3198-1,
2:24-CR-3243-1

_____

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Samuel Isidro De La Fuente appeals following (i) his conviction and sentence under 8 U.S.C. § 1326(a) and (b)(1) for illegal reentry into the United States and (ii) the revocation of his term of supervised release and imposition of a sentence. Regarding his new conviction, De La Fuente argues that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He does not raise any issue related to the revocation.

De La Fuente concedes that his only argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and he seeks to preserve it for possible Supreme Court review. The Government moves for summary affirmance or, alternatively, for an extension of time to file its brief. De La Fuente takes no position on the motion for summary affirmance.

As De La Fuente concedes, his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is thus appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED AS MOOT, and the judgments are AFFIRMED.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.